UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-1820__　　Caption: __Brett Davis, et al. v. City of Greensboro__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Brett Davis__
(name of party/amicus)

who is __Appellee__, makes the following disclosure:
　　(appellant/appellee/amicus)

1. Is party/amicus a publicly held corporation or other publicly held entity?　☐ YES ☑ NO

2. Does party/amicus have any parent corporations?　☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?　☐ YES ☑ NO
   If yes, identify all such owners:

- 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ James D. Secor III (NCSB # 17594)          Date: July 12, 2013

Counsel for: Plaintiffs-Appellees

## CERTIFICATE OF SERVICE
**************************

I certify that on July 12, 2013 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Kenneth Kyre, Jr.
Pinto Coates Kyre & Bowers, PLLC
3203 Brassfield Road
Greensboro, North Carolina 27410

Attorney for Defendant-Appellant

/s/ J. D. Secor III                                      July 12, 2013
    (signature)                                             (date)

07/19/2012                        - 2 -
SCC